[No. 7,037.—Department One.]
March 20, 1882.

## G. CEREGHINO ET AL. v. F. H. HAMMER.

GUARANTY—CONSTRUCTION OF CONTRACT.—The defendant executed to the plaintiff two guaranties, one in the words and figures following, and the other similar except in the name of the debtor. "I do hereby guarantee the payment of this bill against P. * * * (provided said P. acknowledges the amount herein as correct) payment to be made out of the proceeds of his crop for the season of 1876, on or before October 1, 1876.

*Held:* The guaranties sued upon are conditional. The obligation assumed by the guarantor did not extend beyond the amount which should be by him received from the crop clear of incidental expenses. It was for the plaintiff to establish that the condition had happened which made the defendant liable.

APPEAL from an order of the Nineteenth District Court of the City and County of San Francisco. WHEELER, J.

The first count of the complaint, after alleging the execution of the guaranty sued upon, alleged that afterwards, and before the first day of October, A. D., 1876, the crop of the said P. Albaran for the season of 1876, and the proceeds thereof, came into the possession of and were received by the said defendant.

The second count was similar.

These allegations were denied, and the Court found that there was never, at any time, any proceeds of said crop of the season of 1876, and no proceeds thereof came into the possession of the defendant.

*Fox & Kellogg,* for Appellants.

Under the pleadings and evidence the judgment should have been for plaintiffs. All the allegations of the complaint were admitted, except the immaterial ones of "consideration" and "proceeds" of crop. The Court expressly finds that there was a valuable consideration.

The pleadings admit that there was a crop, and that it came into the hands of defendant. The law therefore presumes that there were "proceeds." Defendant denies this presumption, but he made no proof in support of that denial, and it still stands as a presumption in favor of plaintiff, who was

not bound to support it by proof until the presumption was rebutted.

The averment of the complaint was that the crop itself came into the hands of defendant. This was admitted. The additional averment in regard to "proceeds of the crop," therefore, became and was immaterial, and a denial of that immaterial allegation raised no issue. Receiving, as he admits he did, the law presumes he had, in some form, the proceeds thereof, and if he did not, the burden was upon him to prove it, and he made no attempt to do it.

The liability of the defendant in this case does not depend upon the sufficiency of the crop, or of the proceeds thereof. (*Wadsworth* v. *Smith,* 43 Iowa, 439.)

No stringent rule of construction should be applied to this contract, in favor of defendant, more than to any other. (*Gates* v. *McKee,* 13 N. Y. 232.)

If anything it must be construed most strongly against the guarantor. (*Walrath* v. *Thompson,* 4 Hill, 200.)

*Wm. M. Pierson,* for Respondent.

It is claimed, that under the pleadings judgment should have gone for the plaintiffs. In the discussion of this question, it will be necessary to ascertain, 1. Was the guaranty an absolute or conditional one? and, 2. If conditional, was there any admission in the pleadings, that the condition had happened (for there was no evidence offered)?

I. There is no rule better settled than that a contract is to be construed as a whole, and that each provision of it is to be regarded, unless plainly repugnant to the remainder of the contract. (2 Parson's Contracts, (6th Ed.) 527, citing Tindall C. J., and Lord Ellenborough.)

As to the interpretation of contracts of guaranty, the following rules are laid down in an exceedingly elaborate and exhaustive opinion, after a review of the English and American cases: "1. In general, guaranties are governed by the same rules of construction as other contracts. 2. In case of ambiguity, the language is construed most strongly against the guarantor. 3. It is the duty of the Court to ascertain and give effect to the intention of the parties. 4. In order to arrive at the intention of the parties, the circumstances under

which, and the purposes for which, the contract was made, may be proved and must be kept in view in its construction." (*Crest* v. *Burlingame*, 62 Barb. (N. Y.) 351.)

Where there is no ambiguity in the contract, and where, as in contracts of guaranty, the liability is purely gratuitous, and proceeding from no moral obligation, the rule is narrowed to a strict construction of the agreement. Thus, in *McCloskey* v. *Cromwell*, 11 N. Y. 598, the principle is clearly enunciated, that "the liability of sureties is always *strictissimi juris*, and shall not be extended by construction." (*Carson Opera House* v. *Miller*, 8 Pac. C. L. J. 913; *Dobbin* v. *Bradley*, 17 Wend. 422; *Bethune* v. *Dozier*, 10 Ga. 240.)

Our own Civil Code recognizes the same rule of construction of contracts of this character. "A guarantee is to be deemed unconditional, unless its terms import some condition precedent to the liability of the grantor. (Civ. Code, § 2806.) If the contract in suit be read by the light of these principles, there can be no question as to its true meaning. Invert the clauses of it and the agreement is, that " out of the proceeds of Albaran's crop of 1876, I guarantee the payment of this bill." No other construction can be indulged in, unless a material part of the contract is utterly sacrificed, and to exclude that part from consideration, is to clearly violate the rule that the whole contract is to be regarded.

Counsel for the plaintiffs are compelled to reject the last clause of the agreement entirely, in order to maintain their view. No such construction can be maintained without doing violence to the plain meaning of plain words, without degrading the obvious intention of the parties, and distorting the language employed by them. (*Gibb* v. *Probst*, 2 Cal. 117 ; *Heming* v. *Trenery*, 2 Crompton, Meesy & Roscoe, 385; *Moor* v. *Roberts*, 3 C. B. (N. S.) 829; *Wolf* v. *Marsh*, 54 Cal. 228; *Gelpcke* v. *Dubuque*, 1 Wall. 206.)

II. Has the condition happened ?

The defendant guarantees, that out of the "proceeds" of a certain crop, he will pay the claim of another, and it is admitted that there were no proceeds, for there is no evidence that there ever were any. How has the contingency happened ? Plaintiffs' counsel attempts to skirt the difficulty, by announcing that the defendant should have proved that the

crop yielded no proceeds. But counsel evidently overlooks the elementary rule, that where an allegation of the complaint is denied, the burden of the proof is cast on the plaintiff; and in this case the allegation that there were "proceeds," is specifically denied under the oath of the defendant. It is replied however, that the answer admits that the defendant received the crop, and that the defendant was called as a witness and then withdrawn, all of which, it is gravely argued, proves that there were "proceeds." The force of this logic is not perceptible. The fact that there was a crop no more involves the conclusion that it was worth anything or produced anything, than the fact than there was "a season of 1876" involves the conclusion that there was a crop.

The truth is the plaintiff is seeking to throw upon the defendant the proof of that which the pleadings cast upon the plaintiff.

The guaranties sued upon are conditional; the promise of defendant is to pay "out of the proceeds" of the crop of Pedro Albaran for the season of 1876.

The COURT:

The parties evidently had in contemplation the net proceeds. It will not be presumed that the guarantor assumed an obligation beyond the amount which should be by him received from the crop, clear of incidental expenses. It was for plaintiff to establish that the condition had happened which made defendant liable—that there were proceeds.

Judgment and order affirmed.