## BAGLEY v. COHEN et al.

### Sac. No. 219; September 8, 1897.

#### 50 Pac. 4.

**Contracts—Conditional Liability.**—One G. contracted: "On or before sixty days, I, G., do hereby agree to pay B., or order, out of the profits realized by me from my business of packing raisins at M. during the present season, the sum of $310 in gold coin of the United States of America." A few days thereafter G. sold his interest in the raisin business, and made no profits therefrom for that season. Held, that G. never became liable on the contract.

**Guaranty—Failure of Principal's Liability.**—A guaranty of the above contract read: "I, E., do hereby guaranty the payment of the foregoing note in accordance with the conditions thereof. [Signed] E. J." Held, that the guarantors were not liable on the guaranty, as the principal's liability had never attached.

APPEAL from Superior Court, Fresno County; E. W. Risley, Judge.

Action by F. S. Bagley against Edgar A. Cohen and another on a contract of guaranty. From a judgment for plaintiff, defendants appeal. Reversed.

Alfred H. Cohen for appellants; George L. Warlow for respondent.

GAROUTTE, J.—One Gould made and delivered to plaintiff the following writing:

"On or before sixty days, I, E. H. Gould, do hereby agree to pay to F. S. Bagley, or order, out of the profits realized by me from my business of packing raisins at Malaga during the present season, the sum of $310 in gold coin of the United States of America.

"Dated Fresno, September 12, 1894.

"E. H. GOULD."

To this writing was attached the following guaranty:

"I, E. A. Cohen, do hereby guaranty the payment of the foregoing note in accordance with the conditions thereof.

"E. A. COHEN.
"By L. L. COREY, Agent.
"EDGAR A. COHEN.
"J. B. COHEN."

Plaintiff brought this action against the Cohens upon the above guaranty, and judgment was taken against them by default. They have appealed from this judgment, and attack the sufficiency of the complaint.

Upon examination of the pleading, we are satisfied that it has not strength sufficient to support the judgment. Gould's promise was to pay $310 to Bagley out of the profits of his raisin-packing business. If there were no profits, he could not be compelled to pay from other property. His liability upon the contract was limited to payment from a particular and special fund. If no fund existed, there could be no payment. The Cohens only guaranteed to make good the promise of Gould; that is, if profits were made, the obligation should be satisfied to the extent of those profits. They gave a conditional guaranty, and that condition was dependent upon the making of profits by Gould. There had to be profits made by Gould from the business before the liability of the guarantors attached. The complaint contains no allegation that profits were made, and hence shows no liability against them.

The second count in the complaint alleges that, within a few days after this contract and guaranty were entered into, Gould sold and conveyed all his interest in the raisin-packing business, and thereby prevented the making of profits by himself. Whatever effect the conduct of Gould in this respect might have if relied upon in a proper action against him, we are not called upon to say, but we are clear that it is a matter in no manner affecting the guarantors. Their rights and liabilities were fixed when the contract was entered into, and anything done by Gould thereafter could not change them. The causes that led to the absence of profits are matters immaterial to them. If Gould had continued the business, and made no profits, there would have been no liability, and such also would have been the fact even though his conduct of the business had been most extravagant and unskillful. The fact that there would have been profits if he had not sold the business, or had conducted it in a different manner, is immaterial. The guaranty failed to touch those conditions. It only guaranteed the application of the profits in a certain way. There being no profits, the guaranty created no liability. Cereghino v. Hammer, 60 Cal. 235, supports these

views. It becomes unnecessary to pass upon the other questions raised by the appeal. The judgment is reversed.

We concur: Harrison, J.; Van Fleet, J.